Dayis, J.,
delivered the opinion of the court:
The claimant, enlisting as a private in the Marine Corps, was immediately attached to the band, in which he performed *458 until May, 1881, when he was formally rated as a musician. Meantime he had played on the Capitol and "White House grounds whenever ordered, but as he has been allowed no extra compensation for this service he seeks.now to recover it in this action.
Section 1590 of the Revised Statutes describes the organization of the Marine Corps as consisting of a certain number of officers, non-commissioned officers, and privates, together with a drum-major, a principal musician, thirty musicians, sixty drummers, and sixty fifers, while section 1613 directs that ■when the band is ordered to play on the Capitol or White House grounds extra compensation shall he given.
Counsel for defendants urge that the additional pay can be given only to those rated as musicians, and this has been the ruling of the accounting officers.
While the Marine Corps was established in 1775, and its band is one of the best known organizations of the character in the country, curiously this band has never had formal statutory recognition. Drums and fifes were provided for the Navy as long ago as 1794 (1 Stat. L., 350), while in 1798 “ musicians,”' then understood to mean drummers and fifers, were given to the Marine Corps (ib., 595). Other provisions similar in character have been made from time to time, but no mention is made of a musical organization until the enactment of the laws now condensed in section 1613 of the Revised Statutes. That section reads as follows: - '
•“The marines who compose the corps of musicians known as the £ Marine band,’ shall be entitled to receive at the rate of four dollars a month each in addition to their pay as non-commissioned officers, musicians, or privates of the Marine Corps, so long as they shall perform, by order of the Secretary of the Navy or other superior officer, on the Capitol grounds or the President’s grounds.”
The statute does not say that the members of the Marine band shall receive extra compensation, for no such band is known 'to the law; but the pay is given to those “ marines who compose the corps of musicians known as the Marine band.” The only other provision looking even indirectly to a musical organization is that of section 1596, allowing a drum-major, a principal musician, thirty musicians, sixty drummers, and sixty fifers. If the extra pay had been intended for them only, what more easy than for Congress to have said so ?■ But *459 the phraseology of section 1613 is extremely peculiar. It is marlred by a desire to do something- more than this, and seems to recognize the fact that marines other than those rated as musicians performed in the band. It says, not the musicians, but the “ marines who compose the organization known as the ‘marine bandare to receive additional compensation; and this compensation is to be additional, not.to their pay as drum-major, or as a principal musician, or as musicians, but to the pay they receive either as non-commissioned officers, or as musicians, or as privates of the Marine Corps. It is said that ail musicians in the corps are either non-commissioned officers or privates; but whatever force there might be in this argument is destroyed by the fact that “ musicians” are expressly named as one of the class to receive the additional compensa: tion.
The claimant was a “ private of the Marine Corps,” He was one of “ the marines who composed the organization known as the ‘Marine band.’” He performed on the Capitol grounds and on the President’s grounds, under proper order, and thus falling within the phraseology of the statute, he should have received the additional pay.
Judgment for claimant in the sum of $72.27.
Weldon, J., was prevented by illness from sitting in this case and took no part in the decision.