Davis, J.,'
delivered the opinion of the court:
Claim is made herein by a former musician in the Marine Band for what is called “ retained pay,” under sections 1280 and 1281, Revised Statutes. These sections (taken from the law of May 15,1872) are found under Title XIV (p. 222), “The Army,” and provide as follows:
“ Section 1280. The monthly pay of the following enlisted men of the Army shall, during their first term of enlistment, be as follows, with the contingent additions thereto hereinafter provided: * * * Sergeant-majors of engineers, thirty-six dollars; quartermaster-sergeants of engineers, thirty-six dollars; sergeants of engineers and ordnance, thirty-four dollars ; corporals of engineers and ordnance, twenty dollars; musicians of engineers, thirteen dollars; privates (first class) of engineers and ordnance, seventeen dollars; privates (second class) of engineers and ordnance, thirteen dollars.
“ Sec. 1281. To the rates of pay stated in the preceding section one dollar per month shall be added for the third year of enlistment, one dollar more per month for the fourth year, and one dollar more per month for the fifth year, making in all three dollars increase per month for the last year of the first enlistment of each enlisted man named in said section. But this increase shall be considered as retained pay, and shall not be paid to the soldier until his discharge from the service, and shall be forfeited, unless he serves honestly and faithfully to the date of discharge.” (Rev. Stat., 2d ed., p. 222.)
No provision for a military band is found in the Bevised Statutes except for the band at West Point and for extra pay for the Marine Band when performing on the Capitol grounds or the President’s grounds.
Section 1612 of the Bevised Statutes provides that the enlisted men of the Marine Corps “ shall be entitled to receive the same pay and bounty for reenlisting as are or may be provided by or in pursuance of law for the * * * enlisted men of like grades in the infantry of the Army.”
Section 7 of the act of July 22, 1861, provides for military regimental bands thus:
“And be it further enacted, That the bands of the regiments of infantry and of the regiments of cavalry shall be paid as follows: One-fourth of each shall receive the pay and allowances of sergeants of engineer soldiers; one-fourth, those of corporals of engineer soldiers; and the remaining half, those of private engineer soldiers of the first class; and the leaders of *484 tbe baud shall receive the same pay and emoluments as second lieutenants of infantry.” (12 Stat. L., 270.)
Section 4 of the act of July 29, 1861, contains the following provision as to regimental bands:
“Theregimental bands will be paid as follows: One-fourth of each, the pay and allowance of sergeants of engineer soldiers; one-fourth, those of corporals of engineer soldiers; and one-half, those of engineer soldiers of the first class. The drum-major or leader of the band, the pay and emoluments of a second-lieutenant of infantry.” (12 Stat. L., 280.)
Neither of these provisions appears in theBevised Statutes.
In Bond’s Case (21 C. Cls. R., 458) this court held:
“While the Marine Corps was established in 1775 and its band is one of the best known organizations of the character in the country, curiously this band has never had formal statutory recognition. Drums and fifes were provided for the Navy as long ago as 1794 (1 Stat. L., 350), while in 1798 “musicians,” then understood to be drummers and fifers, were given to the Marine Corps (ib., 595). Other provisions similar in character have been made from time to time, but no mention is made of a musical organization until the enactment of the laws now condensed in section 1613 of the Bevised Statutes.”
The Marine Band has in fact been paid as a regimental band under the above-cited act of July 29, 1861. Prior to the act of 1878 (now Rev. Stat., secs. 1280 and 1281.) it had been held that enlisted men of the Engineer Corps were not entitled to “retained pay” under then existing laws, and no pay was withheld from soldiers of that branch of the service. General Order, No. 51, War Department, of June 22, 1872, gives rates of pay under this act of May 15, 1872, and also rates of pay not affected by it. Under the latter heading appears the West Point Band. The pay of this band and the pay of the Marine Band have been held to be the same; therefore the latter has not received the benefits of the act of1872 (Rev. Stat., sec. 1281.) Such has been the executive action since 1872.
The act of 1861 provides for regimental bands, the “pay and allowances” of “ engineer soldiers” of various classes, but contains no phrase looking to the future; it provides the pay and allowances of engineer soldiers, but not the pay and allowances which they might thereafter have; no words of anticipation are in this statute. The act of 1872 included some musicians (section 1280), to wit: “Chief trumpeters of cavalry” and *485 “principal musicians of artillery and infantry” and “musicians of engineers,” therefore, under a familiar maxim, excluding other musicians.
Again, the act of March 3,1877 (1 Supp. Rev. Stat., 2d. ed., p. 138), makes the following provision as to the band at West Point:
“And that the enlisted musicians of the band shall have the benefits as to pay arising from reenlistments and length of service applicable to other enlisted men of the Army.”
Here there is no mention of the Marine Band, and the question of the emoluments of that excellent organization is unfortunately involved in some doubt, and depends somewhat upon long-continued and consistent executive interpretation of the statutes of 1861 and 1872 (supra). We are forced to the conclusion that the statute of 1872 (secs. 1280 and 1281, Rev. Stat.) did not contemplate military bands, that Congress recognized this in the provision later made for the band at West Point, and that the omission of the Marine Band from that statute (1877) is significant. Construing these statutes together, we fail to find that they support plaintiff’s contention.
Petition dismissed.